NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12267


BAHIG F. BISHAY  vs.  DISTRICT COURT DEPARTMENT OF THE TRIAL
COURT.


August 18, 2017.


Supreme Judicial Court, Superintendence of inferior
     courts.  Mandamus.  Practice, Civil, Action in nature of
     mandamus, Appeal, Bond.


     Bahig F. Bishay appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3, in which he sought relief in the nature of mandamus
requiring the District Court to return an appeal bond to him.
Bishay and his wife, who is also a party to the District Court
proceedings, posted the bond in connection with their appeal
from a final judgment in a summary process action brought by
Merrill Lynch Credit Corporation, now known as Bank of America,
N.A. (bank), pursuant to G. L. c. 239, § 5.  The Appellate
Division of the District Court dismissed the Bishays' appeal,
but rejected the bank's argument that the appeal was frivolous.
The Bishays' appeal from that judgment is pending in the Appeals
Court.  The Bishays moved in the District Court and in the
Appellate Division that the appeal bond be released to them, as
well as requesting assistance from the Chief Justice of the
District Court.  When these efforts proved unsuccessful,[1] Bishay
filed his petition in the county court.  We affirm the judgment
denying relief.

_____

     [1] The District Court and the Appellate Division denied
release of the appeal bond on the ground that appellate
proceedings were still pending.  The Chief Justice of the
District Court stated that he lacked authority to reverse those
decisions.

Bishay has filed a memorandum and record appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Bishay to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2]  The rule does not apply here, as the District Court's and Appellate Division's rulings denying release of the appeal bond to Bishay were not interlocutory.  Nonetheless, it is clear on this record that Bishay had an adequate remedy in the ordinary appellate process.  Bishay offers no reason why he could not have appealed to the Appeals Court from the Appellate Division's denial of his motion for release of the bond or, for that matter, why the disposition of the appeal bond could not be addressed in the currently pending appeal.  The single justice neither erred nor abused his discretion by denying extraordinary relief.

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Bahig F. Bishay</u>, pro se.

---

[2] The rule also provides that "[t]he appeal shall be presented . . . on the papers filed in the single justice session" and that the petitioner must file a record appendix. S.J.C. Rule 2:21 (2).  Bishay's record appendix does not satisfy the requirements of the rule, as it omits much of the record before the single justice.  This presents a further reason not to disturb the judgment.